## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**COLLAGE DESIGN &**
**CONSTRUCTION GROUP, INC.,**

        **Plaintiff,**

**v.**                               **Case No: 6:21-cv-1572-ACC-EJK**

**RNB CONSTRUCTION, INC. and**
**RAZVAN PUHA,**

        **Defendants.**

### ORDER

    This cause comes before the Court on Plaintiff Collage Design & Construction Group, Inc.'s Ex Parte Motion for Writ of Garnishment After Judgment (the "Motion"), filed January 4, 2023. (Doc. 27.) Attached to the Motion is a proposed Writ. (Doc. 27-2.)

    Plaintiff moves post-judgment for issuance of a writ of garnishment on the Garnishee. On October 31, 2022, the Clerk of Court entered judgment in favor of Plaintiff and against Defendants, RNB Construction, Inc. and Razvan Puha, jointly and severally, in the amount of $509,808.45 which bears post-judgment interest at the rate of 4.75 percent. (Doc. 27.) Plaintiff represents that the Garnishee "may have money or property" "in its possession or control." (*Id.* at 3.)

    "A money judgment is enforced by a writ of execution . . . ." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state

where the court is located, but a federal statute governs to the extent it applies." *Id.*
Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to
"every remedy . . . available . . .under the law of [Florida] . . . for seizing . . . property
to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Under Florida law, "[a]fter judgment has been obtained against defendant . . .
the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount
of the judgment." Fla. Stat. § 77.03. "Every . . . entity who has . . . recovered judgment
in any court against any person . . . has a right to a writ of garnishment." Fla. Stat.
§ 77.01. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on
> the plaintiff within 20 days after service of the writ stating
> whether the garnishee is indebted to the defendant at the
> time of the answer, or was indebted at the time of service of
> the writ, plus up to 1 business day for the garnishee to act
> expeditiously on the writ, or at any time between such
> times; in what sum and what tangible or intangible personal
> property of defendant the garnishee has in his or her
> possession or control at the time of his or her answer, or had
> at the time of the service of the writ, or at any time between
> such times; and whether the garnishee knows of any other
> person indebted to defendant, or who may have any of the
> property of defendant in his or her possession or control.
> The writ shall state the amount named in plaintiff's motion.
> If the garnishee is a business entity, an authorized employee
> or agent of the entity may execute, file, and serve the answer
> on behalf of the entity.

Fla. Stat. § 77.04.

Plaintiff has complied with Rule 69 and Florida law—the proposed writ of garnishment contains all the necessary language under § 77.04. Thus, the Court finds that Plaintiff has demonstrated entitlement to the writ.

Accordingly, it is hereby **ORDERED** that Plaintiff's Ex Parte Motion for Writ of Garnishment After Judgment (Doc. 27) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed Writ of Garnishment. (Doc. 27-2.) The Clerk is **FURTHER DIRECTED** to remove the *ex parte* designation on the Motion.

**DONE** and **ORDERED** in Orlando, Florida on January 6, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE